THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| ANGIE COLEMAN, ET AL | * | CIVIL ACTION NO. 05-1920 |
|---|---|---|
| Versus | * | JUDGE JAMES |
| J.C. PENNEY COMPANY, ET AL | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the undersigned magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by Plaintiffs (Doc. #11). After review of the law and the evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this court is proper, and Plaintiffs' Motion to Remand is **DENIED.**

## STATEMENT OF FACTS

Plaintiffs filed suit against Defendants on July 27, 2005, in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, seeking damages for injuries allegedly sustained when Plaintiff, Angie Coleman, fell over an object at the J.C. Penney Store in Monroe, Louisiana.

On November 7, 2005, Defendants removed the case to this Court, basing jurisdiction on a claim that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs. Plaintiffs

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

filed the instant motion claiming that the federal jurisdictional amount is not met. Defendants oppose the motion.

## LAW AND ANALYSIS

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

In accordance with state law,[2] Plaintiffs did not specified the numerical value of their damage claims, and the jurisdictional amount is not otherwise " facially apparent" from the complaint. *Simon*, 193 F.3d at 850. While Defendants alleged amount in controversy in their notice of removal, they did not set forth sufficient specific facts to establish the basis for jurisdiction.

In the original complaint, Plaintiff Angie Coleman alleged that she was injured on August 9, 2004, when she fell over an object at the J.C. Penney store at Pecanland Mall in Monroe, Louisiana. Coleman seeks personal injury damages, and her major daughter, Lillie Carter, seeks loss of consortium damages. Coleman did not specify her alleged injuries or the extent of such injuries.

In response to the motion to remand, defendants filed a settlement offer which they received from plaintiff Angie Coleman before the removal and which formed the basis for defendants' belief that the amount in controversy exceeds $ 75,000. In that offer, Angie

---

[2] La.Code Civ.P. art. 893.

Coleman made a demand of $100,000 to settle her claim. The settlement offer claims that Coleman suffered "permanent and serious injuries" to her head and sight as result of the fall. Doc. #13 - Exh. A.

In their motion to remand, Plaintiffs' counsel provided an affidavit executed after the removal stating that "neither the individual Plaintiffs, nor their lawyers will accept an amount that exceeds the federal jurisdictional minimum and/or triggers federal jurisdiction." Doc. #11 - Exh. A. That affidavit does NOT deny that Coleman demanded $100,000 to settle her claim, or state that the letter containing the settlement offer was somehow fraudulent or in bad faith. Furthermore, the affidavit does not deny that the amount in controversy was less than $75,001.00, exclusive of interest and costs, at the time of the removal. It merely seeks voluntarily to limit the plaintiffs' recovery to an amount less than the jurisdictional amount.

Because this court judges removal at the time thereof, the subsequent attempt to limit recovery does not override Coleman's earlier settlement demand or her claim that she suffered permanent injuries to her head and sight.

This Court finds that Defendants have met their burden of proving that the amount in controversy at the time of the removal exceeded the jurisdictional amount; therefore, jurisdiction is proper and Plaintiffs' Motion to Remand (Doc. #11) must be **DENIED.**

**THUS DONE AND SIGNED** this 19th Day of December, 2005, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE